## Case No. 5,373.

### In re GETTLESTON.

[1 N. B. R. 604 (Quarto, 170);¹ 1 Gaz. 132.]
District Court, D. California. Dec. 14, 1867.

BANKRUPTCY—POWERS OF REGISTER — EFFECT OF DECISION.

It was the intention of congress to make the register's acts the acts of the courts, and to

¹ [Reprinted from 1 N. B. R. 604 (Quarto, 170), by permission.]

vest them with all the powers of the district courts in relation to all matters about which there is no contest. They are also to give their opinions upon all questions, points, and matters arising before them upon which there is a contest, which opinions will be final unless the parties litigant request the question, point, or matter contested to be certified to the district judge.

[Cited in Re Lanier. Case No. 8,070: Re Hyman, Id. 6,984; Re Bogert, Id. 1,598; Re Kingon, Id. 7,815; Re Bond, Id. 1,618; Re Blaisdell, Id. 1,488; Re Allen, Id. 208.]

In this case, on the 25th of November, 1867, Henry Gettleston the bankrupt, by Wm. P. Daingerfield, his attorney, presented to the undersigned, as register in bankruptcy, a petition, a copy of which is hereto annexed, praying that he may be decreed to have a full discharge from his debts provable under the bankrupt act [of 1867 (14 Stat. 517)], and that a certificate thereof may be granted to him in accordance with the same. On the 10th day of December, A. D. 1867, the said bankrupt, by his attorney, appeared before the undersigned and moved that an order of publication and notice be granted, fixing the time and place of holding a court of bankruptcy, at which all the creditors who have proved their debts, and other persons in interest, may appear and show cause, if any they have, why the prayer of the aforesaid petition should not be granted; and also, they further order that the second and third meetings of the creditors of the said bankrupt, required by the 27th and 28th sections of the bankrupt act, shall be held at the same time and place to be fixed for the serving of the petition for a discharge, and that all the creditors of the said bankrupt, and other persons in interest, may then and there appear and prove their debts, if not already proved, and show cause, if any they have, why the prayer of the petitioner should not be granted. And also, the further order that a copy of the said petition and order to be granted, shall be published according to law. Upon hearing the foregoing motion for the order aforesaid, the undersigned, as register in bankruptcy, refused to grant the motion, on the ground that although the acts set forth in this petition were sufficient upon which to base the order asked for, doubts have been expressed by members of the bar as to the powers of the registers in bankruptcy to act in relation to any other matters than those specified in section 4 of the bankrupt act, and rule 5 of the general orders in bankruptcy of the supreme court of the United States, unless the district court shall in any particular matter otherwise direct. Upon the undersigned, as register, refusing to grant the order, as requested, the petitioner, by his attorney, pursuant to the provisions of section 6 of the bankrupt act, proposed to take the following points of law, arising in the course of proceedings before a register, which the undersigned hereby certifies to

the judge for his opinion thereon: Have not registers in bankruptcy, to whom a case is referred, under form 17, as prescribed by the supreme court of the United States, power, and is it not their duty to do and perform each and all of the acts that the district judge has the power to do and perform, unless an issue of fact or law is raised and contested by a party to the proceeding before him? And until such issue of fact or law is raised, does not a register to whom a case is referred possess all the powers of the district court in relation thereto, except the power to commit for contempt? Rule 17 of the district court requires that a register, certifying a question of law to the court, shall briefly state his opinion of the same. Pursuant to the requisition of the rule the undersigned gives the following:

The bankrupt act, as it was finally passed by congress, contained many provisions that are not precise in language, and therefore impose upon the courts of the country the onerous duty of hearing, and deciding, many questions as to their construction, that would have been avoided had the original bill, as proposed, been passed. The act, as it now stands upon the statute book, contains many of the provisions of the insolvent laws of Massachusetts and of "the new law of bankruptcy," as recently adopted in England. The provisions in relation to the powers and duties of registers are almost identical in the English and American bankrupt law. Such being the case, it is not a matter of surprise that the language of the several provisions of the law is not as carefully selected, or precisely used, as would be desirable. In England the administration of the bankrupt law devolves upon the lord chancellor, commissioners who are vested with like powers as the district judge, registers and assignees, and other inferior officers, as clerks, taxing masters, &c.; and the registers bear the same relation to the commissioners that the registers in the United States do to the several district courts. Being without the ability to refer to books of English authority to determine what have been adjudged to be the powers of the registers under the English bankrupt act, I can only infer that as there are but a limited number of commissioners, that the powers and the duties of the registers are coequal with the commissioners in all cases, when there is no contest, as any other supposition would impose upon the commissioners more duties than it would be possible for them to perform.

In exercising the powers imposed on congress, by the 7th section of article 1 of the constitution, to establish "uniform laws on the subject of bankruptcies throughout the United States," that body was embarrassed by the conflict of interest of the several states, which have heretofore given different measures of justice to creditors residing within and without their jurisdiction, and forced to impose upon the federal district courts already in existence the duty of administering the bankrupt law, rather than establish separate and distinct bankrupt courts to carry out the wholesome provisions of the act that recognized a bankrupt as the trustee of his creditors. But for the conflict of interest of the several states, a uniform and independent system would probably have been adopted, and in providing for its administration the confusion and uncertainty that now exists as to the powers and duties of the registers would not have occurred. To impose upon the federal courts, without additional assistants, the burden of administering the law, would practically have nullified the benefits to result from the act, both to the debtor and creditors, who are alike interested in its speedy and just administration. It became, therefore, necessary to create a large number of federal officers called "registers," and, to avoid the complaint that the treasury was to be depleted for their benefit, the law provides for their appointment, and the payment to them of fees for their services, by the bankrupt, or out of the fund belonging to the creditors, and then imposes upon them certain duties to perform for those fees. It was clearly the purpose of congress to relieve the federal courts by providing for their appointment and conferring upon them powers, as "assistants to the district judges," that would leave the district judges only to decide contested questions, after they had been passed upon by the registers; and when that body defined their duties, it appears to me, it was intended that they should perform all other duties imposed upon the district court, when there was no issue of law or fact raised in the proceedings, and that their adjudications were to be complete and final in all other cases. When a conflict arose between a bankrupt and his creditors, or the assignee of the estate of the bankrupt and the representative and the trustee of the creditors, upon a question of fact, to save the machinery and expense of an independent and separate court, it was thought prudent and wise to provide that the issues of facts should be certified in the district court, that the same might be tried and settled by a jury, if necessary, or reviewed by the district judge, if the parties litigant were not satisfied by the decision of the register.

When a question of law should arise in the proceedings, congress evidently intended that parties to the contest should have a right to the final decision upon it given by the district judge, as it was not to be expected that the several hundred registers appointed under the bankrupt act, would be found competent to finally dispose of the many grave questions of law that will arise in adjudicating upon, and distributing, the large funds belonging to creditors that will become subject to the control of the court of bankruptcy. But when there is no contest, and no opposing interests are in conflict, no

good reason can be given why the registers shall not "sit in chambers, and dispatch there such part of the administrative business of the courts, and such uncontested matters, as shall be defined in general rules and orders, or as the district judge shall in any particular matter direct," in accordance with the letter of the law. The judges of the supreme court, when they prescribed the order of a form of an order of reference in voluntary bankrupt cases, must have understood the act as conferring upon the register all of the powers of the district court not reserved by special prohibitions, or they would not have used the following language: "It is thereupon ordered that the petition be referred to one of the registers in bankruptcy in this court, to make adjudication thereon, and take such other proceedings therein as are required by said act; and further, that the said bankrupt shall, on or before —— day ——, at —— o'clock, file with said register a duplicate copy of said petition and the schedules thereto annexed, and that he attend before said register on said day, and thenceforth as said register may direct, to submit to such orders as may be made by said register, or by this court, relating to his said bankruptcy; and further, until otherwise ordered by this court, the said register shall act upon the matters arising in this case at his office at ——, at such times and place as he shall fix for that purpose." By this form of reference the bankrupt is subject to the control of the register of the court, during the pendency of the reference; and, unless the register makes illegal orders, upon which the bankrupt takes the opinion of the district judge, who may determine the question as to their legality, he is to submit to such orders as judicial mandates of a court competent to make them. The register shall also, by express letters of order of reference, act upon the matters arising in the case, until otherwise ordered by the court.

By the general rules and orders of the supreme court, therefore, in all cases where a reference is made under the form of reference prescribed, the authority to act upon and dispatch all matters arising in the case so referred, is clearly given to the register, under section 4 of the bankrupt act. Should any other construction be given to the act, and rules and orders of the supreme court, it would operate as a great hardship upon the parties litigant, and practically defeat the objects intended to be accomplished by them. A register in bankruptcy is privileged to reside wherever it may suit his convenience, within the jurisdiction of the district court, the judge of which he is "to assist in the performance of his duties" (as provided in section 3), and should the register of this district establish his office at Los Angeles, as a geographical centre of the congressional district, and undertake there to dispatch the administrative business of the court, without as full and ample powers as are granted to

the district judge, so much of the bankrupt law as was intended to relieve the district judges would be in fact a nullity; and if the parties litigant were required to go to the district judge for all orders that the statute authorizes the court to issue, it would be denying justice to compel them to do so; and should the district judge determine that the register has not the power to act in any case when, by the language of the statute, the court is to act, the burden of the administration of the law will fall upon him, and both the debtor and creditors may be put to great inconvenience. But aside from the inference to be drawn from the provisions in section 3, that the district courts are to "appoint one or more registers in bankruptcy to assist the judge of the district court in the performance of his duties under this act," and from the form of reference, prescribed by the judges of the supreme court, that the powers, and duties, of registers are coequal with that of the district judges when there is no contest, such powers and duties are clearly given in all cases in which "the judge of the district court may direct a register to attend at any place within the district, for the purpose of having such voluntary applications under this act as may not be opposed; of attending any meeting of creditors, or receiving any proof of debt, and generally, for the prosecution of any bankruptcy or other proceeding under this act," &c., pursuant to section 5 of this act.

If the register, by special orders of a judge of a district court, can be vested with all of the powers "for the prosecution of bankruptcy or other proceedings under this act," what good reasons can be given why, by a general order of the court, he cannot be vested with like powers and duties? If he has judicial powers in one case, why should he not have it in the other? In the concluding paragraph of section 11, which provides for the issuing of the warrant to the messenger, by the "judge of the district court," or, if there be no opposing party, by the "register of said court," it is provided that a notice shall be given that a meeting of the creditors of the debtor, giving the names, residences, and amounts, so far as known, to prove their debts, and choose one or more assignees of his estate, will be held at the court of bankruptcy, to be holden at the time and place designated in the warrant, not less than ten nor more than ninety days after the issuing of the same. The supreme court, in prescribing the form of the notice to be given, use the following language: "You are hereby notified that a warrant has been issued," &c., and then "that a meeting of the creditors of said bankrupt, to wit: (then insert the names of the several creditors of bankrupt with their several places of residence and amount of debts, respectively, in the following form:) E. G., A. B., Boston, Mass. $500, to prove their debts and choose one or more assignees of his estate, will be held at a court

of bankruptcy, to be holden on the ——— day of ———, A. D. 18—, at ——— o'clock — m., at (here insert the place, building, room, or office where the court will be held), before ——, register, and have you then there this warrant, with your doings thereon." It is apparent that both the statute and the supreme court treat the register, acting, in issuing the warrant and holding the meetings of creditors, called pursuant to its mandate, as a court of bankruptcy, and, as such, fully authorized to perform all of the functions of a court, and determine all questions properly cognizable in a court of bankruptcy, subject only to the control of the district judge, when the parties litigant are disposed to have his adjudication reviewed.

A further analysis of the law is not deemed necessary by me, as I herewith hand to the district judge a more elaborate reference to and comment upon its several provisions, prepared and submitted to me by Tully R. Wise, Esq., who is counsel in another case, in which he has filed a petition for the discharge of his client, after this argument, as now submitted by me, had been prepared.

In my opinion, it was the purpose of congress to make the register's acts the acts of the courts, and as "an assistant to the district judge" in bankruptcy proceedings, in all cases referred to him by the rules prescribed by the supreme court, and to vest him with all of the powers of the district court, in relation to all matters about which there is no contest; and that, under the rules of the district court of California, he is to give his opinion upon all questions, points, and matters arising before him, upon which there is a contest, and that his opinion will be final, unless the parties litigant request the question, point, or matter contested to be certified to the district judge: except he is not empowered "to commit for contempt, or to hear a disputed adjudication on any question of the allowance or suspension of an order of discharge," when a party to the proceedings in bankruptcy opposes the allowance, or asks the suspension of an order of discharge. In all such cases it is the duty of the register to immediately certify the question of fact or of law without hearing or determining the same, to the district judge, to be disposed of by him, with or without the aid of a jury, according to the provisions of the bankrupt act.

But, as I have before suggested in the statement of the case (although I have no hesitation in announcing my opinion as here given), I have refused to grant the order asked, that the question may be fully argued and decided.     Asher B. Bates, Register.

HOFFMAN, District Judge. Upon reading and considering the foregoing certificate, together with the opinion of the register thereon, and of the brief submitted therewith, it is my opinion that the conclusions of the register upon the points of law therein

stated are correct and in accordance with the provisions of the bankrupt act, and so far as this decision is in conflict with rule 17 (in bankruptcy) of the district court of California, it is to be regarded as the rule of this court in the future, by which registers are to be guided. The clerk will certify this decision to the register, Asher B. Bates, Esq.